**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DONNA AGUIRRE, on behalf of herself and those similarly situated,**

            **Plaintiff,**

-vs-                                            Case No.  6:08-cv-990-Orl-28-GJK

**ABERCROMBIE ENTERTAINMENT ARTS, LLC, and JERRY ABERCROMBIE,**

            **Defendants.**

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 12)** |
| **FILED:** | **August 18, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** | |

**I.    BACKGROUND**

    On June 17, 2008 and pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b), and Florida law, Plaintiff Donna Aguirre (herein after "Aguirre" or the "Plaintiff"), on her own behalf and on behalf of those similarly situated, filed her complaint (the "Complaint") against Abercrombie Entertainment Arts, LLC, and Jerry Abercrombie (collectively, the "Defendants").

Doc. No. 1.[1]  Specifically, Plaintiff alleges that Defendants failed to pay overtime compensation for hours worked in excess of forty (40) hours per week and failed to pay Plaintiff minimum wages for one or more weeks.  Doc. No. 1 at ¶¶ 12-32.  After being properly served on October 2, 2007 (Doc. No. 6), the Defendants did not respond to the Complaint.  On August 14, 2008 and pursuant to Rule 55(a), Federal Rules of Civil Procedure, the Clerk entered default against the Defendants. Doc. Nos. 10-11.  On August 18, 2008, the Plaintiff filed her Motion for Entry of Default Final Judgment (the "Motion").  Doc. No. 12.  Pursuant to Local Rule 1.07(b), the Motion is timely.  The Defendants failed to file any opposition to the Motion.

## II.  THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA.  *See Id*.  Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful.  *See Id*.  Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

---

[1] No other persons elected to join this case as putative plaintiffs.  Therefore, the undersigned recommends that the Court dismiss the collective action allegations.

*Id.*  A plaintiff may establish the necessary amount of damages by affidavit.  *See* Rule 55(b), F.R.C.P. (2007).  Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs.  29 U.S.C. § 216(b) (2007).

### III.   APPLICATION

#### A.   Wages

In her affidavit, Aguirre states that she was employed by the Defendants from January 22, 2008 to February 15, 2008, as a "costume construction specialist." Doc. No. 12-2 at ¶ 4.  Pursuant to 29 U.S.C. § 207(a)(1),[2] Swisher was entitled to be paid one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours during a work week.  Aguirre states in her affidavit that she was paid an hourly wage of $21.00 per hour.  Doc. No. 12-2 at ¶ 4.  During her employment, Aguirre states she "was never paid for the three weeks [she] was employed." *Id.*  She states that during the three week period she worked the following hours without compensation: seventy-three (73) hours in the first week; fifty-three (53) hours in the second week; and fifty-five (55) hours in the third week.  *Id.*[3]  Aguirre calculates that she worked a total of sixty-one (61) hours of overtime without compensation.  *Id.*  Plaintiff's damage calculation for unpaid overtime is as follows:  sixty-one (61) hours of overtime (33 hours in the first week + 13 hours in the second week + 15 hours in the third week = 61);  multiplied by $31.50 ($21.00 + 10.5) per hour equals $1,921.50

---

[2] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

[3] Aguirre's time calculations are based on her recollection.  *Id.* at ¶ 4.

in overtime owed. *Id*. Pursuant to 29 U.S.C. § 216(b), Defendants are also liable for liquidated damages which equals the same amount as the unpaid overtime compensation. *Schmidlin*, 2008 WL 976158 at *2. Thus, Aguirre also calculates an additional $1,921.50 for liquidated damages, for a subtotal of $3,843.00. *Id*.

Aguirre's affidavit avers that the Defendants also arbitrarily withheld wages for one-hundred and twenty (120) hours of work (three weeks at forty hours per week). *Id*. Aguirre calculates that she is entitled to $2,520.00 in unpaid wages ($21.00 x 120 hours). *Id*.[4] Aguirre calculates her total damages are $6,363.00 ($3,843.00 + $2,520.00 = $6,363.00). *Id*.

### B. Attorneys' Fees

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In support of the Motion, counsel for Plaintiff filed an affidavit attesting that the total fees equal $1,164.00 and the total costs equal $489.97. Doc. No. 12-3 ¶¶ 6-7.[5] Plaintiff's counsel attached his time sheet (Doc. No. 12-4 at 2) and the cost ledger (Doc. No. 12-5 at 2) to his affidavit.

### 1. Reasonable Hourly Rate

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In

---

[4] In the Motion, Plaintiff does not seek liquidated damages for unpaid minimum wages.

[5] Plaintiff's counsel, C. Ryan Morgan, states that he spent 3.9 hours of time on the case at a rate of $300.00 per hour, and Claudia Silva, counsel's paralegal, spent .8 hours of time on the case at a rate of $95.00 per hour.

determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Plaintiff's counsel, C. Ryan Morgan, seeks a rate of $300.00 per hour for his services. Doc. No. 12-3 at ¶ 4. Mr. Morgan states that he has been a continuous member of the Florid Bar since 2005 and has practiced law for three years. *Id*. Mr. Morgan states that a reasonable hourly fee for a lawyer with similar experience is $300.00 per hour. *Id*. Mr. Morgan cites to *Brown v. Compass Rose Foundation, Inc.*, Case No.: 2:08-cv-413-FtM-99DNF (M.D. Fla. Aug. 11, 2008), as evidence that he has previously been awarded an hourly rate of $300.00 per hour. *Id*. However, the hourly

rated approved by the Court in the single case cited by Mr. Morgan resulted from a joint settlement agreement where the parties negotiated at arms length. *Brown*, Case No.: 2:08-cv-413-FtM-99DNF (M.D. Fla. Aug. 11, 2008) (Doc. Nos. 20-23). Therefore, the undersigned does not accord that case much weight in determining Mr. Morgan's reasonable hourly rate.

In *Girke v. Camillo Home Builders of Orlando*, LLC, Case No.: 6:08-cv-461-Orl-28KRS, Doc. No. 12 (M.D. Fla. May 29, 2008), a similar FLSA default case, Mr. Morgan requested an hourly rate of $300.00 per hour. *Id*. However, Mr. Morgan was ultimately awarded a reasonable hourly rate of $145.00 per hour. *See Girke*, Case No.: 6:08-cv-461-Orl-28KRS, Doc. Nos. 13-14.[6] Moreover, in *Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, Doc. No. 61 at 3 (M.D. Fla. Jan. 8, 2007), the Court specifically noted that a $300.00 hourly rate for FLSA cases was "far greater than those usually awarded in this District for like work. . . ." *Id*. Thus, considering the Orlando market, the complexity of the work, and Mr. Morgan's fee awards in similar case, the Court finds that an hourly rate of $150.00 for Mr. Morgan is appropriate.

In regard to paralegal Claudia Silva, the affidavit states that she spent .8 hours of work on this case at a rate of $95.00 per hour. Counsel provides no information to support the hourly rate sought for Ms. Silva. Doc. No. 12-3 at ¶ 3. However, in a similar FLSA case, the Court determined that a reasonable hourly rate for Ms. Silva, given the type of work required in FLSA cases, was $50.00 per hour. *See Farr v. Manageinn, Inc.*, Case No. 6:07-cv-829-Orl-28KRS, 2008 WL 227961 at *5 (M.D. Fla. Jan. 25, 2008). Thus, the Court finds that a reasonable hourly rate for Ms. Silva, considering the Orlando market, is $50.00 per hour.

---

[6] In *Cruz v. Petty Transportation, LLC*, Case No.: 6:08-cv-498-Orl-22KRS, Doc. Nos. 37-38 (M.D. Fla. Nov. 21, 2008), another similar FLSA default judgment case, Mr. Morgan was also awarded a reasonable hourly rate of $145.00 per hour. *Id*.

  **2.** **Reasonable Number of Hours**

Counsel submitted a detailed Time Sheet showing the work performed by Mr. Morgan and Ms. Silva in this case. Doc. No. 12-4 at 2. After reviewing the Time Sheet, the undersigned finds that the amount of time spent on the case was reasonable.

Accordingly, the total number of reasonable hours of work spent by counsel in this case is 3.9. Doc. No. 12-4 at 2. At a reasonable hourly rate of $150.00 per hour, the total attorneys' fee award is $585.00. Ms. Silva's total number of reasonable hours of work in this case is .8 hours. At a reasonable rate of $50.00 per hour, the total fee award is $40.00. The grand total attorneys' fee award is $635.00.

  **C.** **Costs**

Plaintiffs seek costs in the amount of $489.97 for the filing fee ($350.00), for the costs of serving process in this case ($60.00), for travel expense related to serving process ($62.12), for photo copies ($6.75), for courier services ($2.28), and for an American Express disbursement ($8.82). Doc. No 12-5 at 2. The undersigned finds these costs are reasonable.

  **THEREON** it is **RECOMMENDED** that:

  1. Plaintiff's Motion for Entry of Default Final Judgment (Doc. No. 12) be granted in part;

  2. The Court enter judgment for Plaintiff and against the Defendants in the following amounts:

    a. $3,843.00 in unpaid overtime compensation including liquidated damages;

    b. $2,520.00 in unpaid wages;

      c. $635.00 in reasonable attorney's fees;

      d. $489.97 in costs; and

3. The Court close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on December 16, 2008.

Copies to:

The Presiding District Judge
Counsel of Record
Unrepresented Parties

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE